[Barddell  v.  State.]

# Barddell *v.* State.

## *Robbery.*

[DECIDED JAN. 18, 1906, 39 So. REP. 975.]

1    *Criminal Law; Evidence; Confessions.*—Voluntary statements
      made by defendant in reference to his knowledge of the occur-
      rence are admissible against him.

2.   *Same; Trial; Remark of Counsel.*—Remarks of counsel are prop-
      erly excluded when they are not supported by any evidence in
      the case.

3.   *Robbery; Substantive Evidence; Credibility of Witness.*—Where
      the evidence for the State, in a charge of robbery, tended to
      show that a dime and two nickels had been taken from the
      prosecutor under such circumstances as would constitute rob-
      bery, testimony tending to show that the prosecutor stated on
      a former trial that prosecutor's brother, and not prosecutor,
      was the one robbed, was not substantive evidence but only
      went to the credibility of the witness and his brother.

4    *Same; Evidence; Judicial Knowledge; Current Coin.*—Courts will
      take judicial knowledge of the fact that there is a lawful cur-
      rent coin of the United States, representing a value of five
      cents, commonly called a nickel, and that there is no money
      called a nickel other than such lawful current coin.

5.   *Same; Evidence; Sufficiency.*—In a prosecution for robbery by
      the taking of a dime and two nickels, proof of the taking of a
      nickel, aided by judicial knowledge, was sufficient to support
      a conviction, and it is not indispensable to make proof as to
      the dime.

6.   *Criminal Law; Appeal; Remarks of Court; Withdrawal.*—Where
      the trial judge was, after objection by defendant, proceeding
      to withdraw remarks he had made to the jury, and counsel
      for defendant objected to the withdrawal and the court desist-
      ed, such objection to the remarks will not avail defendant on
      appeal.

7    *Criminal Law; Instructions; Harmless Error.*—It is error with-
      out injury to refuse to defendant instructions fully covered by
      a charge already given.

APPEAL from Montgomery City Court.
Heard before Hon. W. H. THOMAS.

[Barddell v. State.]

The defendant and Roscoe Brown were jointly indict-
ed for robbery, and charged with taking two nickels and
one dime of the lawful coin of the United States of Amer-
ica, of the value of twenty cents, from the person of Ike
McDonald, by violence and against his will.   The appel-
lant, Barddell, was tried separately, and convicted and
sentenced to the penitentiary for a period of eleven years.
Policemen Roberts and Avant testified that they were
policemen of the city of Montgomery, and that on the
night of the ———— day of September, 1904, about 8:30
o'clock, they were out near the Montgomery Brewery
when they met Ike McDonald and in about fifteen min-
utes after they met Ike McDonald, they saw two negroes
coming across a field and arrested them.   The solicitor
asked the witnesses what the negro said, and the defend-
ant objected to the question because it was illegal, etc.
The court overruled the objection and permitted the wit-
ness to answer.   They testified that as soon as they ar-
rested the defendant, the negroes said that they knew
nothing about the robbery, and that this was before any-
thing had been said about the robbery.   The defendant
also objected to the answer of the witnesses, and moved
to exclude it, but the court overruled the objection and
the defendant excepted.   Testifying further, witnesses
stated that they searched defendant, and his companion,
but found no money or weapon about them.   The defend-
ant said that they had spent twenty cents at the Blue
Store.   This last statement was objected to by he defend-
ant, but the objection was overruled.

The defendant's counsel, in arguing the case as to the
identity of the defendant, and as to confessions, said:
"The fact that not any of the sheriff's deputies have
come into this  court and  testified to  a confession  in
this case, should have some weight with you; for a negro
will always confess, and he has been in their hands for
about six months.   Gentlemen of the jury, when the
identity of the defendant is in question, you will usually
find one of the jail officials here testifying to a long con-
fession made by the defendant."   The solicitor objected
to this argument and the court excluded these remarks
from the jury, at the same time stating that it was not a
fact in evidence in the case, that, when identity of a de-

[Barddell v. State.]

fendant is in question, the jail authorities were usually found testifying to a confession, and the defendant excepted. The defendant's attorney asked the court to instruct the jury that if they believed that any other amount than twenty cents, to-wit: a dime and two nickels was taken, they must find the defendants not guilty. And also to instruct the jury that there had been no testimony to show that the money taken was of the lawful currency of the United State. The court's reply was that it would instruct the jury that if they believed beyond a reasonable doubt that any amount of money had been taken, even only a nickel, they could find the defendant guilty, if they believed beyond a reasonable doubt that the State had proven all the other elements of the offense, and also said to the counsel for the defendant that he knew of no money called a nickel, except lawful coin of the United States, and would so charge the jury. The defendant excepted, separately and severally, to each part of the court's statement.

The defendant requested charge 8, which was refused; "The count charges the jury that if they believe from the evidence that at the time of the taking of the money alleged in the indictment, from Ike McDonald, that Ike McDonald had no reasonable apprehension of bodily injury and that he offered no resistance to the defendant taking the money, then the offense of robbery was not committed."

Charge 6 given by the court for the defendant. "Gentlemen of the jury, if you believe from the evidence that there was no violence committed upon the person of McDonald, or that McDonald was in no fear at the time or before the money was taken then you must find the defendant not guilty.'

Just before retiring to consider their verdict, one of the jurors asked the court "What will be taken off for good behavior if we should send the defendant off to the penitentiary for life."

No counsel marked appearing for Appellant.

MASSEY WILSON, Att'y. Gen. for State, insisted; that the testimony of the police officers was admissible as

[Barddell  v.  State.]

declarations or confessions.—*Platt v. State,* 140 Ala. 52;
*Hicks v. The State,* 98 Ala. 169. The argument of counsel was properly excluded.—*Pitts v. State,* 140 Ala. 70,
83; *Davis v. Alexander City,* 137 Ala. 206. It was not
necessary for the State to prove the precise sum of money
averred to have been taken.—*Thompson v. State,* 106
Ala. 67, 78; *Brown v. State,* 120 Ala. 351. Nor was it
necessary for the proof to show the value of the money
stolen.—*Grant v. State,* 55 Ala. 201; *Duval v. State,* 63
Ala. 12; *Parker v. State,* 11 Ala. 73.

The remarks of the court in answer to the question of
the juror was proper.—*Shelton v. State,* 73 Ala. 5, 9;
*Allen v. State,* 134 Ala. 159, 163. The fact that McDonald offered no resistance to the taking of the money
did not entitle the defendant to an acquittal.—*Thomas v.
State,* 91 Ala. 34; *Wesley v. State,* 61 Ala. 282.

DENSON, J.—The appellant and Roscoe Brown, two
negroes, were jointly indicted for robbery. The appellant,
Barddell, was tried separately from his co-defendant.
The defendants were arrested while together, and at the
same time and place, by policemen Roberts and Avant.

After testifying to the arrest, Roberts was asked to
state what the negro then said. Against the defendant's
objection, the court allowed the witness to testify that
the defendants stated as soon as they were arrested that
they knew nothing about the robbery. It was shown that
before this statement was made nothing had been said
about the robbery. If it be conceded that the statement
was a confession, or in the nature of a confession, it
affirmatively appears from the bill of exceptions that
it was voluntarily made.—*Love's case,* 124 Ala. 82;
*Brown's case,* 120 Ala. 347.

The same may be said with respect of the statement
made by the defendant with regard to spending twenty
cents at the Blue Store.

There was no evidence in the case to support the remarks of defendant's counsel which were excluded by
the court on the solicitor's motion, hence the exclusion
was proper.—*Pitt's case,* 140 Ala. 70; *Davis v. Alexander
City,* 137 Ala. 206; *Dunmore's case,* 115 Ala. 69; *Cross'
case,* 68 Ala. 466.

The property alleged in the indictment to have been taken from Ike McDonald was there described as, "two nickels and one dime of the lawful coin of the United States of America, of the value of twenty cents." The evidence for the state tended to show that a dime and two nickels in coin were taken by the two defendants from Ike McDonald under such circumstances as would constitute robbery, and there was no substantive evidence that any other amount was taken. True, Mr. Keating, after the proper predicate had been laid for the admissibility of the evidence, testified that Ike and York McDonald, on the trial had before the committing magistrate, testified that York was the man that was robbed and that Ike lost no money. This was not substantive evidence but only went to the credibility of Ike's and York's testimony, and if believed by the jury, it afforded a foundation upon which they, in the exercise of their sound judgment and discretion, might have discarded the evidence of said witnesses. But there was no evidence by any witness examined, that the dime and nickels were coins of the United States; nor were the coins offered in evidence. But Ike McDonald testified that he had only twenty cents—one dime and two nickels—that on the demand made by defendant, and his threats that he would shoot witness' brains out if he didn't give him some money he (witness) reached in his pocket and took out his twenty cents, "one dime and two nickels of money" and gave it to defendant, or to the man who demanded it.

The bill of exceptions purports to set out all the evidence, and the defendant's request in writing for the affirmative charge was refused. The court erred in refusing this charge unless it is the law that the nickels or dime testified about are judiciously known to be coins of the United States.—*Morris' case,* 97 Ala. 82; S. C. 12 So. Rep. 276; *McGehee's case,* 52 Ala. 224; *Murphy's case,* 6 Ala. 845. "Courts will notice as a historical fact of great notoriety and importance the nature of the circulating medium at a particular time, the popular language in reference to it, and its value."—16 Cyc. p. 866; 1 Elliott on Evidence, § 63d; *Cady's case,* 83 Ala. 51; *Sand's case,* 80 Ala. 201; *Duvall's case,* 63 Ala. 12; *Grant's case,* 55 Ala. 201; *Levy's case,* 79 Ala. 259.

[Barddell v. State.]

In the above cited cases it was held, that while it was necessary in the indictment to aver the denomination of the money and that it was currency of the United States, yet it was unnecessary to aver, or prove its value, because the court—on proof of the denomination of the money and that it was currency of the United States—judicially knew that the money, as matter of law, was *prima facie* of a commercial value equal to that imported by its face. So, in this case, we think it may be correctly said that the court judicially knew that there was, at the time of the alleged robbery, in the United States, a lawful current coin representing the value of five cents, called a nickel, and that there was no money called a nickel other than such lawful coin of the United States of America which was known as a nickel. And the presiding judge committed no error in saying to counsel for defendant that he knew of no money called a nickel except lawful sain of the United States, and that he would so charge the jury. This being true, it is unnecessary to determine that the court had such judicial knowledge with regard to the dime, for if the proof, supplemented by judicial knowledge, was sufficient with respect to the nickel, it was not indispensible to make proof with regard to the dime.—*Murphy's case, supra; Thompson's case,* 106 Ala. 67; *Brown's case,* 120 Ala. 351. On these considerations the affirmative charge was properly refused.

The inquiry made by the juror of the court, as the jury was about to retire, was rather a peculiar one, and it would have been well for the court in reply to have simply instructed the jury that the matter inquired about was not a matter for legitimate consideration by them. But the court's reply was that the jury, "could not send off a defendant for life on a charge of robbery, but the punishment may be not less than ten years or any number of years exceeding ten years in the penitentiary as a jury may see fit to find from the evidence."
The court then, in reply to the question, further stated to the jury substantially the rule for deduction from the term of punishment of a convict for good conduct.—§ 5460 of the Code. After the court had stated the rule, defendants counsel said, "we except to the remarks and question." The court then said to the counsel, do you

[Barddell v. State.]

except to the juror's question or  to the court's reply?
Counsel responded, "we except to the.court's reply.  The
court then said, "well if you object I will withdraw it,"
and was proceeding to so instruct the jury, when counsel
for the defendant said, "we except, for it is too late to
withdraw it after the remarks have gone to the jury."
The court said, "then I will let it stay in," to which ac-
tion of the court the bill of exceptions states the defend-
ant then and there legally excepted.

If it be conceded that the court's remarks with refer-
ence to the law for deducting time for good conduct
were erroneous. yet the court, on the objection of the de-
fendant, was promptly proceeding to withdraw the ob-
jectionable remarks and while doing so the defendant ex-
cepted and the court desisted.  To allow the defendant
the benefit of the exception would be to give him the ben-
efit of his own wrong; it was his own fault that the re-
mark of the court was not withdrawn, and the exception
cannot avail the defendant anything.—*Allen's case*, 134
Ala. 159; *Shelton's case*, 73 Ala. 5.  Furthermore, the ob-
jection and exception were to the remarks of the court
in their entirety, and certainly the remarks of the court
with respect of the extent of the punishment that the
jury could fix were pertinent and in conformity to the
statute.—Code § 5479.

The defendant had the full benefit of charge 8 under
charges 6 and 9 that were given at his request; conse-
quently if it should be conceded that charge 8 asserted
a correct proposition of law (which we do not decide)
the refusal of the charge worked no injury to the defend-
ant.

There is no error in the record and the judgment and
sentence of the court below must be affirmed.

Affirmed.

HARALSON, DOWDELL and SIMPSON, JJ., concurring.