137 So.2d 769

**Carl R. ADAMS**

**v.**

**STATE.**

**4 Div. 457.**

Court of Appeals of Alabama.

Nov. 21, 1961.

Rehearing Denied Dec. 12, 1961.

Chas. L. Woods and Chas. O. Stokes, Ozark, for appellant.

484

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

HARWOOD, Presiding Judge.

This appellant, under an indictment charging him with robbery, was by a jury found guilty of grand larceny. Judgment of guilt was entered pursuant to the verdict and the court imposed a sentence on the appellant of confinement in the penitentiary for two years.

The evidence presented by the State tends to show that this appellant and Robert H. Thomas, who were in military service and stationed at Fort Rucker, were on a night in March 1961, at a nightspot known as the Blitz Club.

As they were leaving the Blitz Club they were offered a ride into Dothan by a man whom we shall refer to as P, the State's prosecuting witness.

They proceeded on their ride to another nightclub, but found it closed. During the ride, P asked if either the appellant or Thomas could drive, and being informed that they could, Adams took over the driving of the automobile with P sitting on the front seat between the two soldiers.

P testified that he had homosexual tendencies and during this part of the ride he made improper sexual advances toward the two soldiers at the same time.

After about five minutes of this activity, P testified he fell asleep. He was awakened when he felt a sweater being wrapped around his neck and Thomas was attempting to remove his wallet from his rear pocket.

Thomas and appellant took the wallet and removed the money he had therein which was between $75 and $85. Thereafter the trio drove to near Fort Rucker where P was told to drive on, not stop, and not report the theft of his wallet to anyone, and if he did, it would be too bad for him.

P did, however, drive to Fort Rucker and report the matter to the military police, who, shortly, picked up the appellant and Thomas.

The defense introduced as a witness, James A. Caskie, assigned to Fort Rucker as a criminal investigator, C.I.D. Caskie was called by the military police when they received the complaint of P. Upon the arrest of Adams, Mr. Caskie obtained a written statement from him.

Proper predicate being laid, Caskie recounted Adams' statement made on the night in question. In all material aspects this statement by Adams is entirely corroborative of the testimony of the witness

P, but has the additional fact, that Adams and Thomas took $82 from the wallet which they divided equally, shortly after leaving P's automobile.

The appellant, testifying in his own behalf, directed his testimony toward establishing that he and Thomas had not forcibly taken P's wallet, but that P had given them the money in forwarding his deviate activities.

The record shows that the indictment against this appellant was returned on 17 April 1961; that on 2 May 1961, the appellant was arraigned and at such arraignment he expressly waived his right to a special venire of jurors. The court thereupon entered an order directing the sheriff of Dale County, Alabama, to summons 90 persons, being those drawn on the regular venire for the week set for the trial of this case, and that the list of jurors, together with a copy of the indictment, be served on the defendant by the sheriff.

It further appears that included in this record is a certificate by the clerk of the Circuit Court of Dale County, to the effect that the court's order pertaining to the service of the venire and the indictment was, for some unexplained reason, recorded in the Consolidated Fee Docket and not in the Trial Docket where it should have appeared. For this reason, the clerk inadvertently overlooked said order and the appellant was not served with a list of the venire nor with a copy of the indictment by the sheriff.

No objection was interposed during the trial below as to this lack of service upon a copy of the indictment or the venire upon the defendant or his counsel. In Shaffer v. State, 202 Ala. 243, 80 So. 81, the court had under consideration an almost identical point to the one now being considered. In disposing of the question the court below wrote:

"The objection that no copy, or an insufficient copy, was served, must be taken advantage of by an exception before or during the trial; it is too late to interpose it after verdict or judgment, as was done in this case.

"The record does affirmatively show the arraignment of the defendant, and the presence of himself and counsel, and the order setting the day for trial and ordering the special venire, and that no objection was made as to the service of the copy of the indictment and of the venire until after verdict. This was too late."

[1] In view of the doctrine of the Shaffer case, supra, we must conclude that no error necessitating a reversal of this judgment resulted from lack of service of the list of jurors or of a copy of the indictment, upon this appellant.

Counsel for appellant also argues that error infects this record in that the court in instructing the jury, read to the jury the indictment returned against Robert H. Thomas with the statement that, "The other indictment reads similarly with the change of the name of the defendant to Carl R. Adams." This appellant and Thomas were tried jointly. It further appears that in reading the indictment against Thomas the court quoted it as saying:

"* * * The grand jury of said county charge that before the finding of this indictment, that Robert H. Thomas, feloniously took eighty dollars ($80.-00), lawful currency of the United States of America, a better description being unknown to the grand jury, of the value of eighty-two dollars ($82.-00), the property of * * *."

The record further shows that at the opening of this appellant's trial the solicitor read the indictment against this appellant to the jury. A copy of the indictment is of course in the record and it is in all respects regular and charges that this appellant "feloniously took eighty-two dollars, lawful money of the United States of America, A further and better description being otherwise unknown to the Grand Ju-

ry, of the value of eighty-two dollars, the property of .* * *" etc.

The record further shows that the court instructed the jury to take the exhibits, the indictments, and the forms of the verdicts with them when they retired to begin their deliberations. We, of course, must presume that the jury did take the indictment with them and had it with them in the jury room. It further appears that at conclusion of the court's oral charge, counsel for appellant reserved no exception to any part of the charge, in fact announced that he was satisfied therewith. In view of this background, we cannot say that this appellant was probably injured in any of his substantial rights by the reading of the Thomas' indictment.

We do not wish to be understood as concluding that the indictment in the Thomas case, if correctly read by the court, is a valid indictment. This point must be decided upon consideration of the appeal in Thomas' case which is now pending in this court.

In his motion for a new trial, filed in the court below, it was asserted, among other grounds, that error infected the trial below because the court failed to charge upon the lesser included offenses of robbery and larceny. Actually, under all the evidence this appellant was guilty of either robbery or larceny, or he was not guilty. There was no evidence pertaining to support a verdict of guilty of any lesser included offense. We think, therefore, that the court properly limited its instructions to the offenses charged or to the verdict of not guilty. See De Graaf v. State, 34 Ala.App. 137, 37 So.2d 130.

No instructions were requested by the appellant relative to any lesser included offenses. The principle is well settled that the omission of the trial court to instruct the jury with reference to rules of law that may be involved in the trial, cannot be made a basis for claimed error, in the absence of requested written instructions setting forth the legal principles upon which an appellant considers the jury should have been instructed. Long v. State, 24 Ala.App. 571, 139 So. 113; Tranholm v. State, 38 Ala. App. 57, 77 So.2d 491; Brown v. State, 39 Ala.App. 149, 96 So.2d 197.

Upon our examination of this record, it is our conclusion that the trial below was free of error probably injurious to any substantial rights of this appellant. The judgment is therefore due to be affirmed and it is so ordered.

Affirmed.