138 So.2d 269

**Robert H. THOMAS**

v.

**STATE.**

**4 Div. 456.**

Court of Appeals of Alabama.

Feb. 20, 1962.

Chas. L. Woods and Chas. O. Stokes, Ozark, for appellant.

MacDonald Gallion, Atty. Gen., and Dwight W. Bradley, Asst. Atty. Gen., for the State.

CATES, Judge.

This case was tried jointly with Adams v. State, ante, p. 483, 137 So.2d 769, November 21, 1961.

■ The only difference is that here the indictment charged that Thomas "fcloniously took eighty dollars, lawful currency, of the United States of America, * * * of the value of $82.00, the property of; * * * "—in the form and manner set out in Code 1940, T. 15, § 259, No. 95. The discrepancy of $80.00 being worth $82.00 while an economic oddity need not present a legally fatal anomaly since coins of numismatic value might be adduced in evidence.

■ The verdict was guilty of grand larceny. Stealing money is grand larceny if the taking is of $25.00 or more. Code 1940, T. 14, § 331. The effect of this verdict was to acquit Thomas of the capital felony of robbery. Code 1940, T. 15, § 323; De Graaf v. State, 34 Ala.App. 137, 37 So. 2d 130; Kelly v. State, 235 Ala. 5, 176 So. 807.

Under Barddell v. State, 144 Ala. 54, 39 So. 975, the trial court could take notice without proof aliunde that $80.00 is worth (by being legal tender) $80.00. The two dollars excess becomes surplusage. While there might be awkwardness for the State on a double jeopardy plea, yet we think Code 1940, T. 15, § 231, where, as here, no demurrer was filed, requires us to treat the discrepancy as not prejudicing any substantial right of the appellant.

Affirmed.