286 So.2d 76

**Ronald Spencer YOUNG**

v.

**STATE.**

**8 Div. 424.**

Court of Criminal Appeals of Alabama.

Nov. 13, 1973.

W. Mark Anderson, III, Montgomery, for appellant.

William J. Baxley, Atty. Gen., and Wayne P. Turner, Sp. Asst. Atty. Gen., for the State.

HARALSON, Supernumerary Circuit Judge.

The appellant was convicted of burglary in the second degree in the Circuit Court of Madison County and sentenced to imprisonment in the penitentiary for five years.

The crux of the appellant's argument for reversal is that the corpus delicti was not proved by the evidence offered by the State. This question was properly raised at the trial by his motion to exclude the evidence, which was overruled by the court.

The State's evidence was partly circumstantial and partly direct. It appears from the evidence adduced by the State that the appellant and Mrs. Margaret Thornton rented adjoining portions of a duplex house on Grote Street in Huntsville, Alabama, in the spring of 1970. Mrs. Thornton became ill and left the apartment to live with her daughter, where she had been some three months before May 24, 1970, the day of the alleged burglary. From time to time the daughter, Mary Gary, went by to check on the house and the furnishings which had been left there. According to the testimony the apartment had been securely locked when she left and was locked each time she was there except on the morning of May 24, 1970. On that date Mrs. Gary and her mother went to the apartment and found the back door partly open. The hasp and lock securing the back

door had been broken. It further appears that the inside facing of the door to which the hasp and lock were fastened had been loosened by pressure applied from the outside. Upon entering they found several articles, such as tables, a bedspread and other furnishings missing. They immediately went to the adjoining apartment and asked the appellant if he knew anything about the circumstances or had seen anybody in or around the premises, to which he answered in the negative.

Mrs. Gary then took her mother home and returned to the apartment with a policeman, State witness, Officer Randall Tichenor. On going upon the back porch and looking in the door Mrs. Gary saw the figure of a man and immediately cried out that someone was in the apartment. Shortly thereafter some one dived through a window in the side of the apartment, and the policeman who was on the back porch immediately behind Mrs. Gary ran around the house. The officer confronted the man for an instant before the man turned and ran into the house, slamming the door before the policeman could enter. The officer immediately summoned help and with other officers, who arrived shortly thereafter, searched the appellant's apartment but found no one there.

About twenty minutes later, appellant came back in a car driven by a man named Wilson. Wilson appeared to be intoxicated and was arrested for driving while intoxicated by another officer who had been called to the scene. Appellant had some small cuts and scratches on his forearms and was bleeding. Some blood was also found on or near the front porch or front steps and on the broken window. Appellant and Wilson were arrested and taken to police headquarters.

Both Officer Tichenor and Mrs. Gary identified the appellant as the man who jumped through the window. They described the view they had of appellant and the clothing that he was wearing at the time.

The appellant's testimony was to the effect that he had spent most of the day in Tennessee and that he had received the scratches and minor cuts on his arms working on his automobile that had broken down. He denied any guilt or knowledge of the burglary and introduced another witness who testified that the breaking out of the house was done by some person other than the appellant.

It appears from briefs filed by the State and the appellant there is no substantial disagreement between the parties as to the principles of law underlying the issues in this case. The question posed for the court is the application of these legal principles to the evidence in the case at bar.

■ The elements of the offense of burglary in the second degree are: (1) breaking, (2) entering (3) with intent to steal or commit a felony. Davis v. State, 283 Ala. 686, 220 So.2d 860; Eason v. State, 48 Ala.App. 471, 265 So.2d 913; Behel v. State, 40 Ala.App. 689, 122 So.2d 537.

■ It is further the law that the intent to steal or commit a felony must be concurrent with the breaking and the entering even though it is not essential that the breaking and the entering be simultaneous. Davis v. State, 44 Ala.App. 284, 207 So.2d 649, cert. denied 281 Ala. 718, 207 So.2d 656.

■ It may be further observed that the corpus delicti, a necessary element of proof in a criminal case, may be proved in a case of burglary by circumstantial evidence. Volume 4, Alabama Digest, Burglary, ⬢41(2).

It seems obvious to the court that there was substantial evidence offered by the State of the elements of burglary in the second degree.

■ When the first two elements of burglary are shown by the evidence, the jury may reasonably infer the intent to steal from the mere presence of the accused in the dwelling under circumstances

showing a breaking and entry. Behel v. State, supra. Although the evidence of breaking was circumstantial, we think the fact that appellant was in the house at the time of the discovery by the State witnesses would support a reasonable inference from the circumstances that he did the actual breaking also.

It is our opinion from the contents of the testimony in the light of the authorities that the cause was properly submitted to the jury by the court.

We have carefully studied the record in this matter and find no error of a substantial nature and feel that this case should be affirmed.

The foregoing opinion was prepared by Honorable W. J. Haralson, Supernumerary Circuit Judge, serving as a Judge of this Court under § 2 of Act No. 288, Acts of Alabama, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

The judgment below is hereby

Affirmed.

ALMON, TYSON, HARRIS and De-CARLO, JJ., concur.

CATES, P. J., not sitting.