297 So.2d 403

**Jerald HENDERSON, alias**

v.

**STATE.**

**7 Div. 302.**

Court of Criminal Appeals of Alabama.

June 28, 1974.

Walter J. Merrill, Anniston, for appellant.

William J. Baxley, Atty. Gen., Montgomery, and J. Parke Keith, Sp. Asst. Atty. Gen., Selma, for the State.

SIMMONS, Supernumerary Circuit Judge.

Appellant-defendant was indicted for robbery, convicted therefor, and sentenced to twenty years in the penitentiary. The defendant, an indigent in the nisi prius and here, appeals from the judgment entered pursuant to the jury's verdict.

The indictment inter alia charged that the defendant feloniously took, to-wit; One Hundred Forty Dollars ($140.00) in lawful currency of the United States of America, the property of William Fain, from his person and against his will, etc.

Appellant contends that the trial court erred in overruling his motion to exclude the evidence, for that the state failed to make out a prima facie case as charged in the indictment.

The specific insistences here are that the proof wholly fails to support the allegation that the money, referred to in the indictment, was lawful currency of the United States.

The victim of the alleged robbery testified that his pocketbook, which he gave the defendant under circumstances alleged in the indictment, contained $135.00 or $140.-00 and that the money was five-dollar bills, tens, "and something." At another time, the victim testified that the pocketbook contained $135.00. There is no specific evidence that the money was lawful currency of the United States of America, as charged in the indictment.

It is to be noted that in Barddell v. State, 144 Ala. 54, 39 So. 975, the Supreme Court speaking through Justice Denson,

quoted with approval a pronouncement in 16 Cyc. 866 as follows:

> "Courts will notice as a historical fact of great notoriety and importance the nature of the circulating medium at a particular time, popular language in reference to it, and its value."

We note in *Barddell* that the court said:

> "So, in this case, we think it may be correctly said that the court judicially knew there was, at the time of the alleged robbery, in the United States a lawful current coin, representing the value of five cents, called a nickel, and that there was no money called a nickel other than such lawful coin of the United States of America which was known as a nickel; and the presiding judge committed no error in saying to counsel for defendant that he knew of no money called a nickel except lawful coin of the United States, and that he would so charge the jury. This being true, it is unnecessary to determine that the court had such judicial knowledge with regard to the dime; for if the proof, supplemented by judicial knowledge, was sufficient with respect of the nickel, it was not indispensable to make proof with regard to the dime."

In Gady v. State, 83 Ala. 51, 3 So. 429, the indictment alleged the embezzlement of "eighty dollars in money, consisting of ten dollar bills and twenty-dollar bills, currency of the United States of America * * *."

The evidence tended to show that the money alleged to have been stolen was "greenbacks." The court held there was no variance from the description given in the indictment. Levy v. State, 79 Ala. 259; Duvall v. State, 63 Ala. 12.

The trial court in the instant case took judicial notice that the popular use of the terms five-dollar bill and ten-dollar bill in the United States refers to lawful currency of the United States of America. There was no failure of proof that the money al-leged to have been taken was lawful currency of the United States of America as alleged in the indictment.

Appellant's counsel fails to call our attention to any other ruling of the court which he contends was error. We find none. The judgment is affirmed.

The foregoing opinion was prepared by the Honorable Bowen W. Simmons, Supernumerary Circuit Judge, serving as a judge of this Court under § 2 of Act No. 288, July 7, 1945, as amended; his opinion is hereby adopted as that of the Court.

Affirmed.

TYSON, HARRIS and DeCARLO, JJ., concur.

CATES, P. J., and ALMON, J., concur in result.