The appellant was indicted and convicted for burglary in the second degree and was sentenced by the trial court to seven years imprisonment. Appellant's retained trial counsel has been appointed by the lower court to represent him on this appeal.
The facts in this case are simple although the sufficiency of the evidence is questioned by a request for the affirmative charge. *Page 545 
At approximately 9:35 on Sunday morning, September 26, 1976, the appellant was found inside the home of Louie Hallmark. Two rifles were leaning against the wall next to the front door and a citizen's band radio base station and a stereo tape player were unplugged and disconnected. The appellant's automobile was parked in the driveway.
Louie Hallmark had just left his home to preach at his church when the appellant was discovered in his house. He testified that when he left that morning around 9:30, the rifles were in the bedroom and the doors and windows were closed although not locked. The appellant was a distant cousin to Louie and had been in his home before.
Mr. Hallmark's son, Allen, discovered the appellant in his father's home. Allen asked the appellant, "What are you doing?" And the appellant replied, "You know". Allen assumed that the appellant was in the process of stealing the guns.
James Hallmark lived next door to his uncle, Louie Hallmark. The appellant told him that he was coming to his house next and then he was going to Brown's house. James also took this to mean that the appellant was going to those residences to steal.
While the defense presented no testimony, the appellant's attorney, through cross examination of the witnesses for the state, attempted to establish the alibi that the appellant had come to Louie Hallmark's home to get counseling for his drinking problems. James Hallmark and a man named Brown were also preachers and the defense attempted to convince the jury that the appellant was going to go to each of them for counseling.
 I
In his opening statement, the prosecutor read the indictment to the jury. The appellant cites this as error because the indictment is not evidence and should not be read to the jury over objection.
The jury must be fairly appraised of the nature of the charges against the accused. While this does not require a reading of the indictment to the jury, the fact that a prosecutor does so is not improper or prejudicial to the appellant especially where the jury is instructed that the indictment is not evidence against the defendant. Wilcutt v.State, 41 Ala. App. 25, 123 So.2d 193, cert. denied, 271 Ala. 315, 123 So.2d 203 (1960). See also Adams v. State, 41 Ala. App. 483, 137 So.2d 769, cert. denied, 273 Ala. 703,137 So.2d 772 (1962). In view of the fact that it is an accepted practice and is entirely proper for the indictment to go to the jury room with the jury, we can see no error or impropriety in permitting the prosecutor to read the indictment to the jury in his opening remarks. Stinson v. State, 56 Ala. 312,321 So.2d 277 (1975); Wilson v. State, 52 Ala. App. 680, 296 So.2d 774, cert. denied, 292 Ala. 759, 296 So.2d 778, cert. denied,419 U.S. 845, 95 S.Ct. 79, 42 L.Ed.2d 73 (1974).
 II
The appellant's requested affirmative charge was refused by the trial court. The appellant contends this was error because the state failed to prove the essential element of burglary of the intent to steal.
The undisputed evidence presented by the state established the facts that the appellant was discovered in Louie Hallmark's house within five to ten minutes after Louie left for church; that Louie left the house closed but not locked; that two rifles were leaning against the wall by the front door; that when Louie left for church the rifles were in the bedroom; and that a citizen's band radio set and a stereo tape player were disconnected and unplugged although they had been ready to "turn on" when Louie left that morning.
The gravamen of the offense of burglary is breaking and entering with the intent to steal or commit a felony. Young v.State, 51 Ala. App. 400, 286 So.2d 76 (1973). It must be conceded that there was a "breaking and entering" in the present case. The appellant was found in the home of another and the owner swore out a warrant *Page 546 
for his arrest. Haynes v. State, 49 Ala. App. 16, 268 So.2d 47
(1972); Norman v. State, 13 Ala. App. 337, 69 So. 362 (1915).
The fact that nothing was missing from the house is immaterial. To constitute burglary, it is not necessary that the theft be actually committed. Houston v. State, 56 Ala. App. 295, 321 So.2d 261 (1975); Creel v. State, 53 Ala. App. 504,301 So.2d 267 (1974).
Upon a consideration of the evidence in this case, the question of the appellant's intent is one for the jury. Haynes,supra; Young, supra; Creel, supra; Davis v. State, 54 Ala. App. 115, 305 So.2d 390 (1974).
The evidence supported a conviction for second degree burglary and the appellant's requested charge was properly refused.
 III
The appellant also contends that the trial court erred in failing to give the following requested charge.
 "The jury must acquit if defendant's conduct, upon a reasonable hypothesis, is consistent with his innocence."
This charge has been held to be a proper charge in Gregory v.State, 140 Ala. 16, 37 So. 259 (1903); Howard v. State,151 Ala. 22, 44 So. 95 (1907); and Overby v. State, 24 Ala. App. 254,133 So. 915 (1931). However:
 ". . . the more recent Appellate Court opinions are committed to the view that the refusal of this charge is not error since such charge is not hypothesized upon the evidence. Foster v. State, 37 Ala. App. 213, 66 So.2d 204, and authorities cited therein." McWilliams v. State, 52 Ala. App. 487, 489, 294 So.2d 454, 456 (1974).
Upon a due consideration of the entire record in this case as required by law, this case is due to be and is hereby
AFFIRMED.
All Judges concur.