In January, 1979, an indictment was returned against John Mains by the Madison County grand jury, charging him with the offense of burglary in the second degree. Trial was held on April 18, 1979, and the jury found appellant "guilty as charged in the indictment." The trial court sentenced appellant to eighteen months imprisonment. From that judgment and sentence, John Mains brings this appeal in forma pauperis.
On November 23, 1978, MacArthur Freeman, owner and operator of Papa Joe's Lounge, located on Governor's Drive in Huntsville, Alabama, noticed that lights were on in the residence next door to his lounge. His suspicions were aroused because he thought the house was supposed to be empty. Mr. Freeman called Larry Hall, the grandson of the owner of the house, Mrs. Della Hall, who was in a nursing home.
After receiving the call from Mr. Freeman, Mr. Hall called the police, then went to his grandmother's house. Mr. Freeman and Mr. Hall waited in the parking lot of the adjacent lounge until the police arrived. *Page 1301 
At approximately 8:30 p.m., Officers Sims and Bess of the Huntsville Police Department arrived on the scene. While Officer Bess went around to the rear of the building, Officer Sims entered through the front door, which was unlocked. Inside, Officer Sims encountered the appellant, who asked Sims what he was doing there. After looking around the premises, Sims took the appellant into custody and transported him to the police station.
Officer Sims testified that there was evidence of forcible entry into the house. He said a window in the front of the house was broken and a chain and padlock had been placed so as to enable the front door to be locked. Sims also testified that the premises looked as though it was not occupied except that one bed looked as though it had been used.
Officer Jerry Hammonds of the Huntsville Police Department testified that he interviewed appellant on the night of his arrest. During this interview, appellant told Officer Hammonds that an unnamed person had given appellant permission to live in the house in return for repair work to be done by appellant. Officer Hammonds also testified that at the time of his arrest appellant had nothing on his person which was reported to have been stolen from the residence.
Larry Hall testified that after last visiting his grandmother's house, some two months prior to appellant's arrest, he locked the doors and that, to the best of his knowledge, no windows were broken. He remembered finding two broken windows in the house on the night of appellant's arrest, one large enough for a man to crawl through. Hall recalled that furnishings in the house were in disarray and that drawers and personal belongings had been gone through. He stated that it was "impossible to determine what was there and what was not" (R. p. 31).
Tom Kirk of the Alabama State Employment Service testified for the defense that in October, 1978, more than one month prior to his arrest, appellant had listed as his current address on the service's records the address at which he was arrested (R. pp. 50, 51).
The appellant did not testify nor present any other evidence at trial.
 I
Appellant first contends that at trial below he was denied his right to the effective assistance of counsel under the Sixth Amendment to the United States Constitution.
Specifically, appellant states that trial counsel was ineffective because he failed to present all evidence available to him in the defense of the case, and because he failed to object to the presentation of certain evidence which allowed the prosecution to buttress its case where it might not have otherwise. Appellant insists that trial counsel should have called certain witnesses to the stand to establish that appellant had been using Mrs. Hall's house for a period of some two months. This testimony, however, would have been merely cumulative of evidence already in the record, i.e., the testimony of Tom Kirk of the Alabama State Employment Service. A claim of ineffective assistance of counsel cannot be supported by this alleged error. Robinson v. State, Ala.Cr.App., 361 So.2d 1172 (1978).
Appellant next advances the argument that trial counsel should have objected when Larry Hall was asked whether his father or grandmother had given appellant permission to stay in the house and thereby force the State to produce those two witnesses. In disposing of this argument, we need only note that trial counsel's course of action may well have been an understandable trial tactic.
In reviewing claims of ineffective assistance of counsel, Alabama appellate courts leave much to the discretion of defense counsel regarding matters of trial strategy. Robinsonv. State, supra; Huff v. State, 267 Ala. 282, 100 So.2d 769
(1958). This is so because defense counsel are obviously in the best position to analyze the many objective and subjective components making up the case for and against their clients. *Page 1302 
Moreover, even assuming counsel should have objected to Larry Hall's testimony, an adequate defense in the context of the Sixth Amendment right to counsel does not mean that defense counsel must be error free in his handling of trial tactics.Summers v. State, Ala.Cr.App., 366 So.2d 336 (1978); Tillis v.State, 292 Ala. 521, 296 So.2d 892 (1974).
We are convinced from this record and the excellent briefs of the parties that appellant was not denied the effective assistance of counsel at trial.
 II
Appellant next maintains that the State failed to prove a prima facie case of second degree burglary and, therefore, the trial court erred in not granting his motion to exclude. This argument is without merit.
Section 13-2-41, Code of Alabama 1975, defines burglary in the second degree as including the following elements: (1) breaking and (2) entering . . . "any uninhabited dwelling house" (3) with intent to steal or commit a felony.
Although the evidence of breaking was circumstantial, the fact that appellant was discovered within the house supports the "reasonable inference from the circumstances that he did the actual breaking." Young v. State, 51 Ala. App. 400, 403,286 So.2d 76, 78 (1973). See also, Washington v. State, 44 Ala. App. 516, 214 So.2d 867 (1968) and Whitson v. State, Ala.Cr.App., 6 Div. 54, September 4, 1979.
Moreover, "[c]ircumstantial evidence is entitled to the same weight that direct evidence is entitled to provided it points to the guilt of the accused." Cummings v. State, Ala.Cr.App.,356 So.2d 779 (1978), and authorities cited; McCay v. State, Ala.Cr.App., 343 So.2d 577, 581 (1977), and authorities therein cited.
Whether the accused in a burglary prosecution had the requisite mens rea at the time of the breaking and entering is a jury question. Sullivan v. State, Ala.Cr.App., 340 So.2d 878, cert. denied, 340 So.2d 881 (1976); Creel v. State, 53 Ala. App. 504, 301 So.2d 267 (1973).
When the first two elements of burglary are shown by the evidence, the jury may reasonably infer the intent to steal from the mere presence of the accused in the dwelling under circumstances showing a breaking and entry. Young v. State,51 Ala. App. 400, 402, 403, 286 So.2d 76 (1973); Behel v. State,40 Ala. App. 689, 122 So.2d 537 (1960).
Moreover, the jury could reasonably conclude from the testimony that, although she had been in a nursing home for some two years, the owner, Mrs. Della Hall, intended to return to her house and reside therein when her condition improved.
Therefore, the jury could conclude that Mrs. Hall's premises was an uninhabited dwelling within the meaning of § 13-2-41, supra. Moore v. State, 35 Ala. App. 95, 44 So.2d 262 (1950);Earley v. State, Ala.Cr.App., 358 So.2d 494, cert. denied,358 So.2d 501 (1978), and authorities cited.
It is our opinion from our review of the record, in light of the authorities noted above, that the trial court correctly overruled appellant's motion to exclude and the cause was properly submitted to the jury.
 III
Lastly, appellant avers that the trial court incorrectly denied certain charges he requested in writing at trial.
The trial court refused appellant's requested charges numbers five and six. Requested charge number five reads as follows:
 "When the evidence of guilt is circumstantial, the circumstances against the Defendant must form a complete chain so as to exclude beyond a reasonable doubt every theory except that of the Defendant's guilt.
 "Further, the facts proven must not only all be consistent with the theory of the Defendant's guilt, but must each and every one be absolutely inconsistent with the theory of his innocence."
The following excerpt is from the trial court's oral charge to the jury: *Page 1303 
 "A person should not be convicted of a felony offense under our law unless the evidence excludes, to a moral certainty, every reasonable hypothesis except that of the guilt of the defendant. No matter how strong the circumstances may be, they do not measure up to the requirements of our law if they can be reasonably reconciled with the theory that the defendant is presumed to be innocent. "Of course, some or part of the evidence in the case is circumstantial. Now, circumstantial evidence can be the basis of a conviction just the same as direct evidence. Circumstantial evidence is entitled to the same weight as would be accorded direct evidence. A person should not be convicted, as I told you earlier, of a felony unless the evidence excludes, to a moral certainty, every reasonable hypothesis but that of his guilt. If the conduct of the defendant, upon a reasonable hypothesis, is consistent with his innocence, then he would be entitled to an acquittal at your hands. If after considering all the evidence in the case — the direct evidence and the circumstantial evidence — there should spring up in your mind, or the mind of any individual juror, a reasonable doubt or a probability of innocence of the defendant, then, of course, he could not be convicted under the evidence. (R. 61-62)"
Requested charge number six reads as follows:
 "If you conclude from the evidence, that the owner or occupier of the dwelling house has left the premises without intent to return, the building thereby ceases to be a dwelling and you must find the Defendant not guilty of the charges contained in the indictment."
The following excerpt is from the court's oral charge to the jury:
 "In order to convict the defendant, it must be shown beyond a reasonable doubt and to a moral certainty that this defendant did break and enter the described premises; that those premises were an uninhabited dwelling owned by or in the possession of Della Hall, with the intent to commit therein either stealing or to commit therein either a felony. "If the building described in the evidence, or in the indictment, was not a dwelling, then the defendant would be entitled to an acquittal at your hands. It is not necessary that someone be actually lodged in the dwelling at the time of the breaking and entering with the required intent. If the building was of the nature that it was intended as a residential dwelling, it would be immaterial that no one was in the house at the time and direct occupancy at the time of the breaking and entering would not be an essential element, but the building described in the evidence must have been an uninhabited dwelling house and if it was not a dwelling house, then, of course, the defendant would be entitled to an acquittal under this indictment. It would not be necessary that the owner or possessor of those premises eat or sleep there within the recent past. If it was intended to be used as a dwelling, it would meet the requirement of the indictment. (R. 59)"
It is apparent that appellant's requested charges were substantially and fairly given to the jury in the court's oral charge and, therefore, the court did not err in refusing appellant's requested charges. § 12-16-13, Code of Alabama 1975; Bryson v. State, 57 Ala. App. 278, 327 So.2d 916 (1975), cert. denied, 295 Ala. 393, 327 So.2d 919 (1976); Keeton v.State, 280 Ala. 140, 190 So.2d 694, cert. denied, 388 U.S. 914
(1966).
This case is therefore
AFFIRMED.
All the Judges concur.
 *Page 250