Paul Alexander Franklin was indicted on October 14, 1980, for attempted rape. The jury found him "guilty as charged" and the trial court sentenced him to 20 years' imprisonment.
The prosecutrix testified that on April 30, 1980, she left her school, Cloverdale Jr. High School, around 2:30 p.m. and walked to her home. She arrived there, at _____ Ponce de Leon Avenue, approximately five minutes later and entered through a living room window as she often did when she forgot her house key. As she walked into the bathroom of her home, someone broke *Page 964 
an empty wine bottle and a "piggy bank" over her head and then pulled a pillow case down over her head and shoulders. This cut her and caused considerable bleeding. This assailant eventually led the prosecutrix to her parents' bedroom where he made her lie down on the bed. He tied her wrists to the bedposts, removed the pillow case and blindfolded her with some of her father's ties. It was during these events that the prosecutrix "got a glimpse" of her assailant and confirmed the fact that he was a white male.
After covering her face, the man pulled her clothes off, unzipped his pants, and tried to rape her. The fourteen year old prosecutrix did not know whether or not penetration occurred but positively felt the man try to penetrate "a couple of times." After his unsuccessful attempts, the man left the house.
The prosecutrix was unable to identify the appellant as the man who had attempted to rape her. She could only testify that her assailant was a white male.
The appellant was definitely in the vicinity of the prosecutrix's home between 2:15 and 2:30 p.m. He had solicited yard work from a neighbor of the prosecutrix just around the corner on Cloverdale Road. Appellant admitted that he had been in that neighborhood but stated that he had left before the attempted rape occurred.
The appellant's father corroborated the appellant's testimony, asserting that he picked up appellant on Magnolia Curve (several blocks from the prosecutrix's house) at 2:35 or 2:36 p.m. to take the appellant to Air Base Boulevard where he had a 3:00 p.m. appointment with Mr. Steve Wooten. Mr. Wooten testified that appellant was in his office for about ten minutes shortly after 3:00 p.m.
Montgomery police officers arrested the appellant when, after the prosecutrix's neighbor gave the police the address that appellant had left with her, they went to appellant's home, took him to the police station for questioning, and found a spot of blood on his blue jeans and two crisp two-dollar bills in his pocket. The blood on his jeans matched the blood type of the prosecutrix who had lost a considerable amount of blood from the cut on her head received during the rape attempt. The two dollar bills matched the description of two two-dollar bills taken from the prosecutrix's residence, allegedly, at the time of the attempted rape.
The appellant stated that he won the two-dollar bills shooting pool a few weeks before this incident and that the blood stain on his jeans was an old stain.
Montgomery Police Investigator, Steve Eiland, the arresting officer, testified that the blood stain on appellant's jeans (on the right knee) "appeared to be a recent drop of blood."
The jury found the appellant "guilty as charged." They were apparently convinced that the circumstantial evidence, as presented, was sufficient.
 I
Appellant contends that the evidence was not sufficient to sustain an "attempted rape" verdict against him.
It is true that the evidence against the appellant is largely circumstantial. Such facts as: that he was in the vicinity of the crime at the time when it was committed; that he had in his possession, shortly after the crime, two-dollar bills matching the description of those taken from the prosecutrix's residence; and that he had at the time of his arrest, on his blue jeans, a spot of "fresh" blood of the same blood type as the prosecutrix's were countered by the appellant's evidence that he was with his father when the incident occurred, that he won the money in a pool game, and that the blood stain on his jeans was an old one of the same blood type as at least "6,000 people in Montgomery."
It is not this court's obligation to weigh this conflicting evidence. Rather, this is within the province of the jury to make such determinations from the evidence based on the credibility of the witnesses and the strength of the physical evidence as presented. *Page 965 
The test for the legal sufficiency of evidence was recently outlined by Judge Bowen in Cumbo v. State, 368 So.2d 871
(Ala.Cr.App. 1978), cert. denied, 368 So.2d 877 (Ala. 1979).
 "In reviewing a conviction based on circumstantial evidence, this court must view that evidence in the light most favorable to the prosecution. The test to be applied is whether the jury might reasonably find that the evidence excluded every reasonable hypothesis except that of guilt; not whether such evidence excludes every reasonable hypothesis but guilt, but whether a jury might reasonably so conclude." (Citations omitted.)
. . . . .
 "Whether circumstantial evidence tending to connect the defendant with the crime excludes, to a moral certainty, every other reasonable hypothesis than that of defendant's guilt is a question for the jury and not the court." (Citations omitted.)
By the authority of this decision and cases cited therein, we hold that sufficient facts were presented from which the jury could "reasonably find that the evidence excluded every reasonable hypothesis except that of guilt." Cumbo, supra. Since the evidence was legally sufficient the jury's determination of guilt will not be disturbed. Van Pelt v.State, 356 So.2d 703 (Ala.Cr.App.), cert. denied, 356 So.2d 707
(Ala. 1978); Harris v. State, 358 So.2d 482 (Ala.Cr.App.), cert. denied, 358 So.2d 487 (Ala. 1978).
 II
The appellant also asserts that the trial court erred in allowing a police officer to testify that the blood stain on appellant's blue jeans was "fresh". Appellant's objection at trial that this testimony violated the "opinion evidence rule" was overruled.
Appellant cites Clemmons v. State, 167 Ala. 20, 52 So. 467
(1910), in support of this argument. Clemmons, supra, is not controlling in the instant case because there a lay witness was allowed to testify about blood coagulation, a subject properly reserved for an expert. Here, however, the witness, a police officer, merely gave his opinion as to the "freshness" of a blood stain, a matter of common knowledge, which stain he personally viewed.
Moreover, the appellant introduced counter balancing testimony that the blood stain was an old one. This conflicting evidence was left to the jury for their resolution.
 III
Appellant further contends that it was error for the trial court to allow the prosecution on cross-examination to question the appellant, a seventeen year old juvenile, regarding a pre-trial statement which was inconsistent with his present testimony.
Specifically, appellant's testimony on direct examination was as follows: (R. 140)
 "Q. Was that blood spot on these jeans prior to April 30th?
"A. Yes, sir.
"Q. Do you know how that blood got on your pants?
"A. No."
On cross-examination after appellant's objection to the question had been overruled by the trial court, appellant answered as follows: (R. 153)
 "Q. I will ask you, Mr. Franklin, if when Investigator Eiland talked with you down at the Police Department, you did not say to him that the reason blood was on your pants was because you cut yourself?
"A. Yes, sir, I did.
 "Q. And here today you've testified to something different. You said you didn't know why the blood was on your pants."
After this exchange, appellant continued and gave an explanation for the apparent inconsistency in his two statements. This was done in the presence of the jury.
Appellant correctly asserts that as a general rule a juvenile's statement, unadvised by counsel, is inadmissible in a criminal prosecution. Section 12-15-67, Code of Alabama 1975;Winstead v. State, 371 So.2d 418 (Ala. 1979); Watts v. State, *Page 966 
361 So.2d 1200 (Ala.Cr.App. 1978). However, as indicated above, the appellant's pre-trial statement was introduced here for impeachment purposes only and thus fits the exception to the general rule expressed in Medlar v. State, 384 So.2d 1152
(Ala.Cr.App.), cert. denied, 384 So.2d 1158 (Ala. 1980).
Appellant urges us to distinguish this case from Medlar, supra, because there the trial court "went thoroughly into the question of the voluntariness of appellant's statement." We do not find this to be a distinguishing factor. Though the "voluntariness" of the statement may have been an issue inMedlar, supra, it was clearly not one in the instant case. There is nothing in the record to indicate that the Miranda
rights were in any way violated as to this appellant. In fact the appellant here quickly admitted making the pre-trial statement and was allowed by the prosecution on cross-examination to give testimony which, if believed by the jury, would have explained away the apparent discrepancy between his prior statement and his present testimony.
 IV
Appellant's final contention is that the trial court erred in refusing all of appellant's requested jury charges. He especially challenges the refusal of charges 14, 17 and 18.
We have reviewed all of these requested charges and have found that the pertinent and correct legal principles expressed by these charges were "substantially and fairly" covered by the trial court's oral charge and its instructions to the jury prior to closing arguments.
Appellant's requested charges 17 and 18 (at R. 179) dealt with the jury's treatment of circumstantial evidence and the sufficiency of such evidence required for a conviction. These same charges were refused in two recent cases; Roy v. State,375 So.2d 1289 (Ala.Cr.App. 1979) and Mains v. State,375 So.2d 1299 (Ala.Cr.App. 1979). In Roy, supra, we reversed the conviction because the refused charges were not covered by the trial court's oral charge, while in Mains, supra, we affirmed because they were "substantially and fairly" covered. The part of the oral charge dealing with circumstantial evidence (R. 163-164) given by the trial court here goes beyond the inadequate charge in Roy, supra, and is very similar to the oral charge given in the Mains case. In keeping with Mains, supra, we hold that the refusal to give appellant's charges was within the discretion of the trial court and was not prejudicial error. Section 12-16-13, Code of Alabama 1975.
For the reasons stated this case is due to be and is hereby affirmed.
AFFIRMED.
All the Judges concur.