LONG, Presiding Judge.
The petitioner, Eric Conrad Davidson, filed this petition for a writ of mandamus after the Honorable Alfred Bahakel, circuit judge for the Tenth Judicial Circuit, denied his motion to dismiss the six charges against him. In October 1998, Davidson’s cases were scheduled for trial before the Honorable William Wynn. After a jury was empaneled and sworn, Davidson moved for a judgment of acquittal. Judge Wynn granted the motion. In January 1999, Davidson received notice that the cases had been reset for trial before Judge Ba-hakel. Davidson moved to dismiss the charges, arguing that pursuing the charges would violate the Double Jeopardy Clause. Judge Bahakel denied that motion; this petition followed.
Initially, we must determine if a petition for a writ of mandamus is the proper method by which to review Judge Bahakel’s ruling. For the reasons stated by the Alabama Supreme Court in Ex parte Ziglar, 669 So.2d 133 (Ala.1995), this issue is correctly before this Court by way of a mandamus petition.
‘We are satisfied that a criminal defendant with a double jeopardy defense should not be foreclosed from pretrial correction of a trial judge’s erroneous denial of a plea of former jeopardy. Therefore, the appellate courts of this State will review double jeopardy claims properly presented by petitions for the writ of mandamus. See Rule 21(e), Ala. R.App.P. This procedure will adequately protect the interest of a defendant, as emphasized in Abney [v. United States, 431 U.S. 651, 97 S.Ct. 2034, 52 L.Ed.2d 651 (1977)], so as to avoid the personal strain, public embarrassment, and expense of a subsequent criminal trial.”
669 So.2d at 135.
Before a writ of mandamus may issue, a petitioner must satisfy a four-pronged test. The petitioner must show 1) a clear legal right in the petitioner to the relief sought; 2) an imperative duty upon the respondent to perform, accompanied by a refusal to do so; 3) no adequate remedy at law; and 4) the properly invoked jurisdiction of the reviewing court. State v. Williams, 679 So.2d 275 (Ala.Cr.App.1996).
This Court directed the respondent to answer the allegations contained in the mandamus petition. The State of Alabama, citing Ex parte Ziglar, asserts that Davidson has failed to furnish this Court with sufficient grounds on which to grant relief; thus, it argues, the petition is due to be denied. Specifically, the State argues that Rule 21(a), Ala.R.App.P., requires the following:
“The [mandamus] petition shall contain a statement of facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue; and copies of any order or opinion or parts of the record which would be essential to an understanding of the matters set forth in the petition.”
(Emphasis added.) The State maintains that the petition in this case does not meet the requirements of Rule 21(a).
This Court has notice, through the records of two prior mandamus petitions filed against Judge Wynn, of the procedural posture of this case. Ex parte Rutledge, *1148 [CR-98-0244, January 13, 1999]-So.2d - (Ala.Cr.App.1999) (table) and Ex parte Harris, [CR-98-0377, January 13, 1999] — So.2d - (Ala.Cr.App.1999) (table). These mandamus petitions both concerned rulings by Judge Wynn on October 14, 1998. Rutledge and Harris petitioned this Court to set aside Judge Wynn’s rulings restoring their cases to the active docket after he had previously dismissed the cases. He dismissed the cases when the district attorney’s office failed to send a representative to prosecute these cases “due to a disagreement the office had over the manner in which Judge Wynn had presided over a case heard earlier in the week.” (Rutledge’s mandamus petition at 2.) (In Harris, Judge Wynn found the chief deputy district attorney in contempt and ordered him taken into police custody.) We declined to issue the writs, because the orders reinstating the cases were issued five days after the cases had been dismissed — within the seven-day time frame in which the State could appeal the dismissals. Rule 15.7, Ala.R.Crim.P. Judge Wynn still retained jurisdiction to modify his earlier rulings; thus, there was no “clear legal right” to the relief sought in the petitions. We did not issue an opinion in either Rutledge’s case or Harris’s case.
Based on the exhibits and other documents filed in Ex parte Rutledge and Ex parte Harris, we have taken judicial notice that on October 14,1998, the Jefferson County District Attorney’s Office refused to send an attorney to Judge Wynn’s courtroom to prosecute cases because of the manner in which Judge Wynn had handled a case earlier in that week. Davidson’s petition, Rutledge, and Harris all involve rulings by Judge Wynn on October 14, 1998. We can surmise from the records in all of these cases that Judge Wynn granted Davidson’s motion for a judgment of acquittal because no representative from the district attorney’s office was in court to argue the State’s case.
Although, this Court may take judicial notice of its own records, Franks v. State, 651 So.2d 1114 (Ala.Cr.App.1994), we need not reach the question whether the facts supporting mandamus relief may be established solely by this Court’s taking judicial notice of its records in another case. However, taking judicial notice of the facts necessary to issue an extraordinary petition appears contrary to the wording of Rule 21, Ala.R.App.P., which governs extraordinary petitions.[1] Here, the petition is deficient for reasons beyond the scope of this Court’s authority to take judicial notice of the records in Rutledge and Harris.
Before a retrial may be barred based on the principles of double jeopardy, jeopardy must have attached in the prior proceeding. “[A]n accused must suffer jeopardy before he can suffer double jeopardy.” Serfass v. United States, 420 U.S. 377, 95 S.Ct. 1055, 43 L.Ed.2d 265 (1975). Jeopardy attaches in a jury trial when a jury is empaneled and sworn and the indictment is read. State v. Whirley, 530 So.2d 865 (Ala.1988); Ex parte Collins, 385 So.2d 1005 (Ala.), on remand, 385 So.2d 1010 (Ala.Cr.App.1980); State v. Randall, 669 So.2d 223 (Ala.Cr.App.1995); Coral v. State, 551 So.2d 1181 (Ala.Cr.App.1989); Williams v. State, 494 So.2d 819 (Ala.Cr.App.1986). Here, there is no evidence that jeopardy had attached because the petition fails to indicate that the indictment had been read to the jury.
Even if this Court had proof, which we do not, that jeopardy had attached in the prior proceeding before Judge Wynn, the mandamus petition also fails to reflect the basis for Judge Wynn’s *1149 ruling on the motion for a judgment of acquittal. The only statement in the petition concerning the motion is the following: “Defense counsel made a Motion for Acquittal and/or Directed Verdict as a matter of law which was granted by Judge Wynn.” The basis for Judge Wynn’s ruling is crucial to a proper resolution of this mandamus petition because the granting of a motion for a judgment of acquittal does not automatically bar a retrial. “A defendant is acquitted only when ‘the ruling of the judge, whatever its label, actually represents a resolution, correct or not, of some or all of the factual elements of the offense charged.’” United States v. Martin Linen Supply Co., 430 U.S. 564, 97 S.Ct. 1849, 51 L.Ed.2d 642 (1977). See also State v. Saxton, 724 So.2d 77, 79 (Ala.Cr.App.1998) (“In Ex parte Wood, the Alabama Supreme Court held that double jeopardy principles did not bar a re-trial of a defendant whose motion for a judgment of acquittal was granted based on a fatal variance between the indictment and the evidence the State presented. 564 So.2d 860, 862 (Ala.1990).”) There is no indication that Judge Wynn’s ruling was predicated on the “factual elements of the offense charged.”
Moreover, if Davidson’s motion, labeled a motion for a judgment of acquittal, was based on the prosecutor’s conduct and is actually a motion for a mistrial, there is nothing in the petition that details the circumstances that provoked the motion. As the United States Supreme Court stated in Oregon v. Kennedy, 456 U.S. 667, 676, 102 S.Ct. 2088, 72 L.Ed.2d 416 (1982), “Only where the governmental conduct in question is intended to ‘goad’ the defendant into moving for a mistrial may a defendant raise the bar of double jeopardy to a second trial after having succeeded in aborting the first on his own motion.”
Because the petition is deficient for the above-stated reasons, it is impossible for this Court to conclude that Judge Bahakel erred in denying Davidson’s motion to dismiss the charges against him. Davidson has failed to establish the elements necessary for the issuance of a writ of mandamus. For the foregoing reasons, this petition is due to be denied.
PETITION DENIED.
McMILLAN, COBB, BASCHAB, and FRY, JJ., concur.

. Rule 21(a), Ala.R.App.P., states in part:
"The petition shall contain a statement of the facts necessary to an understanding of the issues presented by the application; a statement of the issues presented and of the relief sought; a statement of the reasons why the writ should issue; and copies of any order or opinion or parts of the record which would be essential to an understanding of the matters set forth in the petition."
(Emphasis added.)