BURKE, Judge.
Emmanuel Thomas was convicted of first-degree robbery, a violation of § 13A-8-41, Ala.Code 1975, and second-degree assault, a violation of § 13A-6-21, Ala. Code 1975. He was sentenced to consecutive terms of 28 years’ imprisonment for the robbery conviction and 10 years’ imprisonment for the assault conviction.[1] This Court affirmed his convictions on February 22, 2008.[2] See Thomas v. State (CR-06-1549, February 22, 2008) 21 So.3d 799 (Ala.Crim.App.2008) (table). On March 27, 2008, Thomas filed a petition for postconviction relief pursuant to Rule 32, Ala. R.Crim. P., and the circuit court granted his request to proceed in forma pauperis.[3] The petition was subsequently amended on April 25, 2008, and again on December 15, 2009. After a response from the State, the circuit court granted Thomas’s petition and ordered that he be granted a new trial. The State now appeals.
In his initial petition (C. 6-21), Thomas argued that his convictions for first-degree robbery and second-degree assault *935 violated the Double Jeopardy Clause of the United States Constitution because he was being convicted for two offenses based on the same conduct. He also argued that the first-degree-robbery indictment was vague and failed to adequately inform him of the nature of the charge against him. Finally, Thomas contended that the trial judge, as opposed to the circuit clerk, administered the oath to the jury. According to Thomas, his trial counsel was ineffective for failing to raise appropriate objections to the above. Thomas also contended that he was denied effective assistance of appellate counsel because, he says, his attorney failed to “diligently investigate several arguable claims for appeal” and “failed to comb the record for possible errors....” (C. 20-21.) Additionally, Thomas contended that he was denied due process of law when the circuit court failed to poll the jurors.
Thomas amended his petition on April 25, 2008. (C. 36-87.) In the amended petition, he argued that his conviction and sentence were null and void because, he says, the trial judge suffered from “diminished capacity.” (C. 36.) Thomas attached several newspaper articles regarding judicial-ethics charges filed against Judge Stuart DuBose. According to the articles, Judge DuBose claimed that he suffered from diminished capacity that affected his ability to make rational decisions. (C. 38-42.)
On December 15, 2009, Thomas filed a second amended petition in which he argued that he was deprived of due process of law because, according to Thomas, the trial court never read the indictments for first-degree robbery, criminal mischief, and resisting arrest to the jury. Therefore, Thomas argues that “jeopardy never attached in the Robbery 1st degree case, the Criminal Mischief case or the Resisting Arrest case.” (C. 68.) Thomas also argued that jeopardy did not attach to those convictions as well as his second-degree-assault conviction because he “never pleaded to the [indictments] in the presence of the jury and the plea ... was never stated to the jury.” (C. 69-70.) Lastly, Thomas alleged that he was denied effective assistance of appellate counsel because his attorney did not raise these arguments on appeal.
In its response, the State argued that Thomas’s petition was due to be denied on several grounds. As to Thomas’s allegations relating to double jeopardy, an improperly sworn jury, and the contention that the jury was not polled, the State asserted that those arguments were due to be denied pursuant to Rules 32.2(a)(3)-(5), Ala. R.Crim. P., because they could have been raised at trial or on appeal, but were not. Further, the State argued that those allegations, as well as the allegations relating to the trial judge’s mental capacity, were not sufficiently specific as required by Rule 32.6, Ala. R.Crim. P., nor were they meritorious.
As to Thomas’s ineffective-assistance-of-counsel claims, the State argued that Thomas failed to satisfy the two-part test laid out in Strickland v. Washington, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). Specifically, the State alleged that Thomas failed to demonstrate that his attorney’s performance was deficient and that, but for the alleged failures, the outcome of the trial would have been different. The State made the same arguments relating to Thomas’s claim of ineffective assistance of appellate counsel.
In its order, the circuit court addressed only the first-degree robbery conviction, case number CC-2006-311. (C. 87.) The court stated: “[I]t is hereby ORDERED, ADJUDGED, and DECREED, on the grounds that the trial court failed to read the Robbery First Degree Indictment to *936 the jury, that the Motion for Relief from Judgment be granted and Emmanuel Thomas be granted a new trial.” (C. 87.)
This Court has held that a trial court is not necessarily required to read an indictment to the jury. Wiggins v. State, 347 So.2d 543, 545 (Ala.Crim.App.1977). The only requirement is that the “jury must be fairly appraised of the nature of the charges against the accused.” Id. See also Mitchell v. State, 450 So.2d 140, 142 (Ala.Civ.App.1984) (“The reading of an indictment to the jury is not required; only that the jury be fairly informed of the charges against the accused.”), citing Wiggins v. State, supra. Additionally, in Knotts v. State, 686 So.2d 431, 458 (Ala. Crim.App.1995), the appellant argued that the jury was misled by the court’s generic instructions relating to the underlying offenses. This Court did not find plain error in the trial court’s failure to read the indictment and held that ■
“the evidence presented, the details and explanations of each indictment presented by the state in its opening statement and closing arguments, the trial court’s instructions in their entirety, and the comments of the trial court to the jurors at the time of voir dire examination and at the commencement of the trial about the nature of the cases to be tried, considered together, sufficiently defined the crimes charged.... In our opinion, there is no reasonable probability that the jury would have found the appellant guilty of a crime not charged or of a theory not presented.”
Id. Thus, so long as the jury understands what it is called on to decide, there is no error in a trial court’s failure to read the indictment in its entirety.
A review of the record reveals that, before any evidence was received, the trial court read only the indictment for second-degree assault to the jury. (R. 9-10.) The court then stated: “Each of the other indictments were issued at the same time before the same grand jury.” (R. 10.) However, at the conclusion of the trial, the court issued the following charge to the jury:
“The defendant is charged in this case with consolidated indictment number one fifty-eight with the offense of robbery in the first degree in 'violation of Section 13A-8-41. A person commits the crime of robbery in the first degree if, in the course of committing a theft, he uses or threatens the imminent use of force against the person of the owner of the property or the property — or any person present with the intent to overcome that person’s physical resistance or physical power of resistance. And, in so doing, he is armed with a deadly weapon or dangerous instrument.
“I’ll say that again in case I messed it up.”
(R. 293-94.) The court then restated the same. Next, the court stated:
“That the defendant, Emmanuel Thomas committed or attempted to commit a theft of a cash register containing U.S. currency, that in the course of attempting to commit the theft, the defendant either used force against the person of [the victim] with the intent to overcome his physical resistance or his physical power to resist, or threatened imminent use of force against the person of [the victim] with the intent to compel acquiescence in the taking of or escaping with the property, and that the defendant was armed with a deadly weapon or dangerous instrument.”
(R. 294.) The court went on to explain the crime of theft of property as well as to define a deadly weapon. (R. 295.) Therefore, it appears from the record that the jury was fairly appraised of Thomas’s first- *937 degree robbery charge and understood what it was called on to decide. Accordingly, the circuit court erred in granting Thomas’s petition on the ground that the trial court “failed to read the Robbery First Degree Indictment to the jury.”
Thomas also argued that jeopardy did not attach because the judge did not read the robbery indictment to the jury. It is well settled that jeopardy attaches when the jury is empaneled and sworn and the indictment is read. See Murray v. State, 210 Ala. 603, 98 So. 871, 872 (1924); Epps v. State, 28 Ala.App. 105, 179 So. 895, 396 (1938); Ex parte Davidson, 736 So.2d 1146, 1148 (Ala.Crim.App. 1999). However, nothing in these cases requires that the indictment be read directly after the jury is sworn. Because the trial court’s above-stated instructions substantially tracked the language of Thomas’s robbery indictment (C. 22), we find that the court did in fact read the indictment to the jury.[4] Consequently, jeopardy attached to Thomas and his argument is without merit.
“The standard of review on appeal in a post conviction proceeding is whether the trial judge abused his discretion when he denied the petition.” Elliott v. State, 601 So.2d 1118, 1119 (Ala.Crim.App.1992). “A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.” Miller v. State, 63 So.3d 676, 697 (Ala.Crim.App.2010). Since the circuit court reviewing Thomas’s Rule 32 petition based its ruling solely on the ground that the trial court failed to read the indictment to the jury, it appears that its decision was based on an erroneous conclusion of law. Accordingly, the circuit court abused its discretion in granting Thomas’s petition, and its judgment is due to be reversed.
Additionally, we note that the circuit court addressed only the issue relating to the trial court’s failure to read the robbery indictment to the jury. The circuit court is hereby instructed to address the remaining issues raised in Thomas’s petition.
For the foregoing reasons, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion. Due return should be made within 28 days.
REVERSED AND REMANDED. 
WELCH and KELLUM, JJ„ concur.
WINDOM, P.J., and JOINER, J., concur in the result.

. Thomas was also convicted of criminal mischief and resisting arrest. He was sentenced to 6 months’ imprisonment for each of those convictions to run concurrently with the 10-year sentence for his assault conviction.

. Thomas’s appellate counsel filed a "no-merit” brief in substantial compliance with Anders v. California, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

. We note that Thomas's in forma pauperis application showed that he had deposited the sum of $657.14 in his inmate account in the 12 months preceding the filing of his application. (C. 34.) That sum is more than twice the amount necessary to pay the filing fee for a Rule 32 petition.
The circuit court would not have abused its discretion if it had denied the request to proceed in forma pauperis. It could have issued an order requiring Thomas to pay the requisite filing fee before ruling on the petition. As this Court held in Ex parte Wyre, 74 So.3d 479 (Ala.Crim.App.2011):
”[A]n inmate who has appreciably more than the amount necessary to pay a filing fee deposited in his inmate account in the 12 months preceding the filing of an [in forma pauperis] request is not indigent as that term is defined in Rule 6.3(a), Ala. R.Crim. P. Wyre had $876.52 deposited to his account in that period — more than twice the amount necessary to pay the filing fee. Thus, he is not indigent."
74 So.3d at 482.

. We note that on appeal, Thomas did not argue that the jury was not properly sworn and empaneled. " ' "[AJllegations ... not expressly argued on ... appeal ... are deemed by us to be abandoned.” United States v. Burroughs, 650 F.2d 595, 598 (5th Cir.), cert. denied, 454 U.S. 1037, 102 S.Ct. 580, 70 L.Ed.2d 483 (1981).' ” Burks v. State, 600 So.2d 374, 380 (Ala.Crim.App.1991). "We will not review issues not listed and argued in brief.” Brownlee v. State, 666 So.2d 91, 93 (Ala. Crim.App. 1995).