WINDOM, Presiding Judge.
This is an appeal by the State of Alabama from an order of the circuit court granting Nathan Lee Boyd’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. Boyd’s petition attacked his sentence of life in prison without the possibility of parole stemming from his October 2000 conviction for capital murder, a violation of § 13A — 5—40(a)(2), Ala.Code 1975. On February 22, 2002, this Court affirmed Boyd’s conviction and sentence by an unpublished memorandum. Boyd v. State (No. CR-00-1224), 854 So.2d 1215 (Ala.Crim.App.2002) (table). The Alabama Supreme Court denied certiorari review, and this Court issued a certificate of judgment on September 13, 2002.
On June 17, 2013, Boyd, through counsel, filed this, his second, Rule 32 petition in which he argued that he was 17 years old at the time he committed the capital murder, and that, pursuant to the holding of the Supreme Court of the United States in Miller v. Alabama, — U.S.-, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), his sentence is unconstitutional and he is entitled to a new sentencing hearing. On June 26, 2013, the State filed a motion to dismiss in which it argued that Boyd’s petition was procedurally barred under *237 Rules 32.2(a)(3), 32.2(a)(5), and 32.2(b), Ala. R.Crim. P., and that it was without merit because the holding in Miller is not retroactive. On June 28, 2013, Boyd filed a response to the State’s motion in which he argued that the holding in Miller is retroactive and that his claim was not subject to the procedural bars raised by the State. On October 8, 2013, the circuit court held a hearing on the motion to dismiss. Following the hearing, both parties submitted briefs of supplemental authority supporting their respective positions on the retroactivity of Miller. On January 6, 2014, the circuit court issued an order granting Boyd’s petition. The State now appeals.
On appeal, the State reasserts the arguments raised below and argues that the circuit court erred in granting Boyd’s petition.
In Miller, the Supreme Court of the United States held that the Eighth Amendment forbids “a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.” Miller, — U.S. at-, 132 S.Ct. at 2469. Rather, the Supreme Court said, juvenile offenders are entitled to individualized sentencing, where the sentencer takes “into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id.
In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court held that claims based on Miller are nonjurisdictional claims properly raised in a collateral proceeding under Rule 32.1(a), Ala. R.Crim. P. 183 So.3d at 218. Further, this Court held that, under the framework established in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in Miller is a new rule, and that it is not a substantive rule nor is it a “watershed” procedural rule. 183 So.3d at 204-18. As a result, this Court held that Miller is not subject to retroactive application. 183 So.3d at 218.
“A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.’ Miller v. State, 63 So.3d 676, 697 (Ala.Crim.App.2010).” State v. Thomas, 137 So.3d 933, 937 (Ala.Crim.App.2012). Here, the granting of Boyd’s petition by the circuit court was based on an erroneous conclusion of law because Miller does not apply to cases, like Boyd’s, on collateral review. See Williams, 183 So.3d at 218. Therefore, the circuit court abused its discretion in granting Boyd’s petition, and its judgment is due to be reversed.
Accordingly, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, KELLUM, BURKE, and JOINER, JJ., concur.