WINDOM, Presiding Judge.
This is an appeal by the State of Alabama from an order of the circuit court granting Marcus Presley’s petition for postconviction relief filed pursuant to Rule 32, Ala. R.Crim. P. Presley’s petition attacked his sentence of life in prison without the possibility of parole stemming from his December 1998 conviction for capital murder, see § 13A-5-40(a)(2), Ala.Code 1975.[1] On October 1, 1999, this Court affirmed Presley’s conviction and sentence. Presley v. State, 770 So.2d 104 (Ala.Crim.App.1999). On March 31, 2000, the Alabama Supreme Court affirmed the holding of this Court. Ex parte Presley, 770 So.2d 114 (Ala.2000).
On June 17, 2013, Presley, through counsel, filed this, his second, Rule 32 petition in which he argued that he was 16 years old at the time he committed the capital murder, and that, pursuant to the holding of the Supreme Court of the United States in Miller v. Alabama, —— U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), his sentence is unconstitutional and he is entitled to a new sentencing hearing. On July 5, 2013, the State filed a motion to dismiss in which it argued that Presley’s petition was procedurally barred under Rules 32.2(a)(3), 32.2(a)(5), and 32.2(b), Ala. R.Crim. P., and that it was without merit because the holding in Miller is not retroactive. On July 8, 2013, Presley filed a response to the State’s motion in which he argued that the' holding in Miller is retroactive and that his claim was not subject to the procedural bars raised by the State; On September 24, 2013, the circuit court held a hearing on the motion to dismiss. On March 3, 2014, the circuit court issued an order granting Presley’s petition. The State.now.appeals.
On appeal, the State reasserts the arguments raised below and argues that the circuit court erred in granting Presley’s petition.
In Miller, the Supreme Court of the United, States held that the Eighth Amendment to the United States Constitution forbids “a sentencing • scheme that mandates life in prison without possibility of parole for juvenile offenders.” Miller, — U.S. at -, 132 S.Ct. at 2469. Rather, the Supreme Court said, juvenile offenders are entitled to individualized sentencing, where the sentencer takes “into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.” Id.
In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court held that claims based on Miller are nonjurisdictional claims properly raised in a collateral proceeding under Rule 32.1(a), Ala.R.Crim. P. 183 So.3d at 218. Further, this Court held that, under the framework established in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in Miller is a new rule, and that it is neither a substantive rule nor a “watershed” procedural rule. 183 So.3d at 204. As a result, this Court held that Miller is not subject to retroactive application. 183 So.3d at 209.
“‘A judge abuses his discretion only when his. decision is based on an erroneous conclusion of law or where the record contains .no evidence on which he rationally could have based his decision.’ Miller v. State, 63 So.3d 676, 697 (Ala.Crim.App.2010).” State v. Thomas, 137 *1000 So.3d 933, 937 (Ala.Crim.App.2012). Here, the granting of Presley’s petition by the circuit, court was based on an erroneous conclusion of law because Miller does not apply to cases, like Presley’s, on collateral review. See Williams, 183 So.3d at 208. Therefore, the circuit court abused its discretion in granting Presley’s petition, and its judgment is due to be reversed.
Accordingly, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WELCH, KELLUM, and BURKE, JJ., concur.
JOINER, J., recuses himself.

. Presley was initially sentenced to death for his capital-murder conviction. On June 9, 2005, Presley was resentenced to life in prison without parole. See Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005).