WELCH, Judge.
This is an appeal by the State of Alabama from an order of the circuit court granting postconviction relief to Trace Royal Duncan pursuant to Rule 32, Ala. R.Crim. P. Duncan’s petition attacked his sentence to life in prison without the possibility of parole following his November 2, 1995, convictions for the .capital offenses of intentional murder, during a kidnapping, see § 13A-5-40(a)(1), Ala,Code 1975, and intentional. murder during a robbery, see § 13A-5-40(a)(2), Ala.Code 1975. The offenses were committed when Duncan was 17 years old. On September 17,1999, this Court affirmed Duncan’s convictions and sentence. Duncan v. State, 827 So.2d 838 (Ala.Crim.App.1999). on March 30, 2001, the Alabama Supreme Court affirmed this Court’s judgment. This Court issued a certifícate' óf judgment on February 26, 2002. On July 29, 2003, Duncan filed his first Rule 32 petition. Pursuant to that petition and the United States Supreme Court’S decision in Roper v. Simmons, 543 U.S. 551, 125 S.Ct. 1183, 161 L.Ed.2d 1 (2005), holding that a death sentence for a juvenile offender is unconstitutional, Duncan was relieved of his death sentence and was resentenced to life in prison without the possibility of parole. Duncan v. State, 925 So.2d 245 (Ala.Crim.App.2005).
On June 6, 2013, Duncan filed the instant Rule 32 petition, his second, in which he argued that because he was 17 years old at the time he committed the murder, the récent holding of the United States Supreme Court in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), rendered his sentence unconstitutional and entitled him to a new sentencing hearing. On July 3, 2013, the State'filed a motion to dismiss in which it argued that Duncan’s petition was procedurally barred under Rules 32.2(a)(3), 32.2(a)(5), and 32.2(b), Ala. R.Crim. P., and that it was without merit because the holding in Miller is not retroactive. Also on . July 3, *489 2013,[1] Duncan filed a response to the State’s motion in which he argued that the holding in Miller is retroactive and that his claim was not subject to the procedural bars raised by the State. On October 15, 2013, the circuit court held a hearing on the State’s motion to dismiss. On March 3, 2014, the circuit court issued an order granting Duncan’s petition. The State now appeals.
On appeal, the State reasserts the arguments raised below and cites this Court’s opinion in Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), as support for reversing the circuit court’s order granting the relief requested in Duncan’s Rule 32 petition.
This Court’s opinion in State v. Boyd, 183 So.3d 236 (Ala.Crim.App.2014), which is cited below, resolves Duncan’s appeal.
“In Miller, the “Supreme Court of the United States held that the Eighth Amendment forbids ‘a sentencing scheme that mandates life in prison without possibility of parole for juvenile offenders.’ Miller, — U.S. at —, 132 S.Ct. at 2469. Rather, the Supreme Court said,- juvenile offenders are entitled to individualized sentencing, where the sentencer takes ‘into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.’ Id.
“In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court held that claims based on Miller are nonju-risdictional claims properly raised in a collateral proceeding under Rule 32.1(a), Ala. R.Crim. P. 183 So.3d at 218: Further, this Court held that, under the framework established in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in Miller is a new rule, and that it is not a substantive rule nor is it a ‘watershed’ procedural rule. 183 So.3d at 214. As a result, this Court held that Miller is not subject to retroactive application. 183 So.3d at 208.
“ ‘ “A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.” Miller v. State, 63 So.3d. 676, 697 (Ala.Crim.App.2010). State v. Thomas, 137 So.3d 933, 937 (Ala.Crim.App.2012). Herd, the granting of Boyd’s petition by the circuit court was based on an erroneous conclusion of law because Miller does not apply to cases, like Boyd’s, on collateral review. See Williams, 183 So.3d at 216.”
183 So.3d at 237.
The circuit court abused its discretion in granting Duncan’s petition, and its judgment is due to be reversed. Accordingly, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
KELLUM, BURKE, and JOINER, JJ., concur,
WINDOM, P.J., recuses herself.

. It appears from the record that the State’s motion and the petitioner's response were electronically filed on the same day.