WELCH, Judge.
This is an appeal by the State of Alabama from an order of the circuit court granting postconviction relief to Damien Jenkins pursuant to Rule 32, Ala. R.Crim. P. Jenkins’s petition attacked his January 12, 1995, conviction for capital murder, see Ala.Code 1975, § 13A-5-40(á)(18)(“murder committed by or through the use - of a deadly weapon fired or otherwise used within or from á vehicle”), and his February 14, 1995, sentence to life in prison without the possibility of parole. The offense was committed when Jenkins was 17 years old. On April 19, 1995, this Court affirmed Jenkins’s convictions and sentence. Jenkins v. State (No. CR-94-1054), 687 So.2d 225. (Ala.Crim.App.1996) (table). On October 25, 1996, the Alabama Supreme Court denied certiorari review, and this Court then issued a certificate of final judgment. As best this court can discern, Jenkins, has previously filed;five Rule 32 petitions, all of which were denied.
On January 3, 2013, Jenkins filed the instant Rule 32 petition — his sixth — in which he argued that because he was 17 years old at the time he committed the capital murder, the recent holding of the Supreme Court of the United States in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), rendered his sentence unconstitutional and entitled him to'a new sentencing-hearing. On March 29, 2013, the State filed a motion to dismiss in-which it argued that Jenkins’s petition was procedurally barred under Rules 32.2(a)(3), 32.2(a)(5), -and 32.2(b), Ala. R.Crim. P., and that the claim was without merit because the holding in Miller is not retroactive. On April 5, 2013, *491 Jenkins filed a response to the State s motion in which he argued that the holding in Miller is retroactive and that his claim was not subject to the procedural bars raised by the State. On August 2, 2013, the State filed an amended motion to -dismiss the petition in which it again argued that Jenkins’s claims were procedurally barred by Rules 32.2(a)(3), (a)(5), and 32.2(b), and again arguing that the holding in Miller is not retroactive.[1] On March 3, 2014) the circuit court issued an order granting Jenkins a new sentencing hearing pursuant to the holding in Miller. The State now appeals.
On appeal, the State reasserts the arguments raised below and cites to this Court’s opinion in Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), as support for reversing the circuit court’s granting of the relief requested in Jenkins’s Rule. 32 petition.
This Court’s opinion in State v. Boyd, 183 So.3d 236 (Ala.Crim.App.2014), which is cited below, resolves Jenkins’s appeal.
“In Miller, the Supreme Court of the United States held that the Eighth Amendment forbids ‘a sentencing scheme that mandates life in’ prison without possibility of parole for juvenile offenders.’ Miller, — U.S. at —, 132 S.Ct. at 2469. Rather, the' Supreme Court said, juvenile offenders are entitled to individualized sentencing, where the sentencer takes' ‘into account how children are ’different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.’ Id.
“In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court held that claims based on Miller are nonju-risdictional claims properly raised in a collateral proceeding under Rule 32.1(a), Ala. R.Crim. P. 183 So.3d at 201. Further, this Court held that, under the framework established in Teague v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in Miller is a new rule, apd that it is not a substantive rule nor is it a ‘watershed’ procedural rule. 183 So.3d at 206. As a result, this Court held that Miller is not subject to retroactive application. 183 So.3d at 208.
“ ‘ “A judge abuses his discretion only when his decision is based on an erroneous conclusion of law or where the record contains no evidence on which he rationally could have based his decision.” Miller v. State, 63 So.3d 676, 697 (Ala.Crim.App.2010).' State v. Thomas, 137 So.3d 933, 937 (Ala.Crim.App.2012). Here, the granting of Boyd’s petition by the circuit court was based on an erroneous conclusion of law because- Miller does not apply to cases, like Boyd’s, on collateral review. See Williams, 183 So.3d at 202.”
183 So.3d at 237.
The circuit court abused its discretion in granting Jenkins’s petition, and its judgment is due to be reversed. Accordingly, the judgment of the circuit court is reversed and this cause ⅛ remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WÍNDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. On July 2, 2013, the circuit court held a hearing on the instant Rule 32 petition. Jenkins’s presence was waived by his counsel. The victim's mother presented a statement in support of Jenkins. The holding in Miller was not discussed.