WELCH, Judge.
This is an appeal by the State of Alabama from an order of the Jefferson Circuit Court granting postconviction relief to Mack Dailey pursuant to Rule 32, Ala. R.Crim. P. Dailey’s petition attacked his November 5, 1997, conviction for capital murder, a violation of § 13A-5-4.0(a)(2), Ala.Code 1975 (murder committed during a first-degree robbery), and his sentence to life in prison without the possibility of parole. The offense was committed when Dailey was 15 years old. On August 28, 1998, this Court affirmed Dailey’s conviction and sentence. See Dailey v. State (No. CR-97-0375), 741 So.2d 482 (Ala. Crim.App.1998) (table). On November 10, 1998, this Court issued ,a certificate of judgment.
On June 4, 2013, Dailey filed the instant Rule 32 petition, his first, in which he argued that because he was 15 years old at the time he committed the capital murder, the recent holding of the Supreme Court of the United States in Miller v. Alabama, — U.S. -, 132 S.Ct. 2455, 183 L.Ed.2d 407 (2012), rendered his sentence unconstitutional and entitled him to a new sentencing hearing. On June 28, 2013, the State filed a motion to dismiss in which it argued that Dailey’s petition was procedurally barred under Rules 32.2(a)(3) and 32.2(a)(5), Ala. R.Crim. P., and that the claim was without merit because the holding in Miller is not retroactive.. On July 1, 2013, Dailey filed a response to the State’s motion in which he argued that the holding in Miller is retroactive and that his claim is not subject to the procedural bars raised by the State. On July 4, .2013, Dailey filed an amended petition arguing that, when read in conjunction with Atkins v. Virginia, 536 U.S. 304, 122 S.Ct. 2242, 153 L.Ed.2d 335 (2002),[1] the holding in Miller was clearíy meant to have retroactive application and that his petition was not subject to procedural bars. On July 17, 2013, the State filed á motion to dismiss the amended petition in which it again argued that Dailey’s claims were procedurally barred by Rules 32.2(a)(3) and 32.2(a)(5), and that the holding in Miller was not *981 retroactive. On July 24, 2013, Dailey filed a response to the State’s motion, again arguing that the holding in .Miller, when read in conjunction with Atkins, had retroactive application and that his petition was not subject to procedural bars. On October 29, 2013, a hearing was held on Dai-ley’s petition, at which counsel for both sides, presented arguments regarding the applicability of Miller.. On February 28, 2014, the circuit court issued an order granting Dailey a new sentencing hearing pursuant to the holding in Miller. The State now appeals.
On appeal, the State reasserts the arguments raised below and cites this Court’s opinion in Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), as support for reversing the circuit court’s judgment granting the relief requested in Dailey’s Rule -32 petition.
This Court’s opinion in State v. Boyd, 183 So.3d 236 (Ala.Crim.App.2014), which is quoted below, resolves Dailey’s appeal.
“In Miller, the Supreme Court of the United States held that the Eighth Amendment forbids ‘a sentencing scheme that mandates life in prison without' possibility of parole for juvenile offenders.’ Miller, — U.S. at -, 132 S.Ct. at 2469; Rather, the Supreme Court said, juvenile offenders are entitled to individualized sentencing, where the sentencér takes ‘into account how children are different, and how those differences counsel against irrevocably sentencing them to a lifetime in prison.5 Id.
“In Williams v. State, 183 So.3d 198 (Ala.Crim.App.2014), this Court held that claims based on Miller are nonju-risdictional claims properly raised in a collateral proceeding under Rule 32.1(a), Ala. R.Crim. P. 183 So.3d at 218. Further, this Court held that, under .the framework established in Teague. v. Lane, 489 U.S. 288, 109 S.Ct. 1060, 103 L.Ed.2d 334 (1989), the rule announced in Miller is a new rule, and that it is not a substantive rule nor is it a ‘watershed’ procedural rule. 183 So.3d at 204. As a result, this Court held that Miller is not subject to retroactive application. 183 So.3d at 216.
“ ‘ “A judge abuses his discretion only when his decision is based on an erroneous conclusion of law of where the record contains no evidence on which he rationally could have based his decision.” Miller v. State, 63 So.3d 676, 697 (Ala. Crim.App.2010).’ State v. Thomas, 137 So.3d 933, 937 (Ala.Crim.App.2012). Herd, the1 granting of Boyd’s petition by the' circüit court was based on an erroneous conclusion of law because Miller does not apply to cases, like- Boyd’s, on collateral review. See Williams, 183 So.3d at 204.”
Boyd, 183 So.3d at 237.
The circuit court abused its discretion in granting Dailey’s petition, and its judgment is therefore due to be reversed. : Accordingly, the judgment of the circuit court is reversed and this cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
WINDOM, P.J., and KELLUM, BURKE, and JOINER, JJ., concur.

. In Atkins, the United State Supreme Court held that it was a violation of the Eighth Amendment to the United States Constitution to execute a mentally retarded person.